IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN S. REESE, SR., and ELIZABETH REESE, his wife | ) ) ) | No. |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| JOSEPH M. ANTARIO, M.D., | ) ) | |
| | ) | CIVIL ACTION |
| Defendant. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

1. Plaintiffs, John S. Reese, Sr. and Elizabeth Reese, his wife, are adult individuals residing at 59 Kinnaman Avenue, Washington, Warren County, State of New Jersey, as such are the citizens of the State of New Jersey.

2. Defendant, Joseph M. Antario, M.D., is an adult individual and a resident of the Commonwealth of Pennsylvania residing at 396 Little Creek Drive, Nazareth, Northampton County, Commonwealth of Pennsylvania, and as such is a citizen of the Commonwealth of Pennsylvania.

3. Jurisdiction in this matter is founded on diversity of citizenship, 28 U.S.C. § 1332, in that the controversy is between citizens of different states and the matter in controversy exceeds Seventy Five Thousand ($75,000) Dollars exclusive of interest and all costs.

4. On our about June 5, 2010, the Plaintiff, John S. Reese, Sr. at approximately 1:55 p.m. presented at the emergency room of Warren Hospital located at 185 Roseberry Street,

Phillipsburg, Warren County, New Jersey with a chief complaint of urinary retention, having had his last urinary output at approximately 7:00 a.m. that morning.

5. At the time, date, and place foresaid, Plaintiff was admitted to the Warren Hospital Emergency Room, at which time he was in excruciating pain as a result of not being able to urinate.

6. At the time, date, and place aforesaid, the Plaintiff was examined by Dr. Eiswarya Chichili and a nurse and upon examining Plaintiff Dr. Chichili attended to insert a urinary catheter into the Plaintiff with no success, the purpose of insertion of the catheter believed to have been to allow the Plaintiff to void. During that unsuccessful procedure, the Plaintiff experienced no bleeding and no untoward injuries to Plaintiff's knowledge.

7. At the time, date, and place aforesaid, following the unsuccessful catheter insertion Plaintiff was seen by the Defendant, Joseph M. Antario, M.D.

8. At all times mentioned herein, Joseph M. Antario, M.D. held himself out as a specialist in the field of urology.

9. At the time, date, and place aforesaid, the Defendant, Joseph M. Antario, M.D., after an unsuccessful attempt at catheter insertion, attempted to treat the Plaintiff, John S. Reese, Sr. by inserting a series of long probes into the urinary tract of the Plaintiff's penis.

10. During the attempted insertion of the probes, in an attempt to open the urinary path of the Plaintiff, a procedure Plaintiff believes and therefore avers that the Defendant, Antario attempted numerous times using number 8, 10, 12, 14, 16, 18, and number 20 probes. During these numerous attempts, Plaintiff was in great pain and was bleeding profusely from his urinary tract.

11. Plaintiff believes and therefore avers that the Defendant, Antario was aware of the medical history of the Plaintiff, John S. Reese, Sr. prior to the initiation of the multiple failed probing of the Plaintiff's urinary tract, and his history relating to ureterovesical stricture/vesical neck contracture prior to his admission to the Warren Hospital Emergency facility and prior to these attempted probing treatments preformed by Defendant, Joseph M. Antario, M.D.

12. Plaintiff believes therefore avers that during these multiple probing techniques used by the Defendant, Antario that he requested that Dr. Antario use a superpubic tube (catheter) as Dr. Walden had done in the past when Plaintiff experienced urinary retention.

13. At the time, date, and place aforesaid, Plaintiff believes and therefore avers that after the numerous failed attempts at the probe insertion and opening of the stricture, that Defendant, Joseph M. Antario, M.D. then obtained another number 8 probe; which, he stuck as far as he could up the Plaintiff's penis, taking and wrapping same in gauze, wrote on a piece of tape "Do not remove", and told the Plaintiff not to move so that the probe would not fall out at which time the Defendant, Joseph M. Antario, M.D. left the premises.

14. After the insertion and taping the number 8 probe on the Plaintiff, the ER staff attempted to move the Plaintiff to a bed at which time the probe fell out and the pain being experienced by the Plaintiff, John S. Reese, Sr. continued to worsen.

15. Following the transfer of the Plaintiff to the hospital bed and the dislodging of the number 8 probe, Plaintiff believes and therefore avers the Warren Hospital personnel called Dr. Antario via telephone, and Dr. Antario receiving the call refused to return to the hospital to render further care to the Plaintiff, John S. Reese, Sr., in affect abandoning the Plaintiff from a medical standpoint at that time.

16. Plaintiff believes and therefore avers that following Dr. Antario's refusal to return to the hospital to treat and provide care to the Plaintiff, the hospital staff contacted Dr. Franklin Margolis, M.D. a specialist in urology who promptly appeared at the hospital and rendered treatment to the Plaintiff at that time.

17. Plaintiff believes and therefore avers that Dr. Margolis attempted to use a scope to examine the Plaintiff in an attempt to determine the source of the profuse bleeding.

18. Plaintiff believes and therefore avers that Dr. Margolis reported to the Plaintiff that his visualization during scoping procedure demonstrated that Mr. Reese's tissue in the area where the probing was done is like "raw hamburger meat".

19. Following the scope examination, Dr. Margolis inserted a superpubic catheter into the plaintiff, which was successful in relieving the urinary retention.

20. On or about Monday, June 7, 2010, Plaintiff's medical care involving the instant situation was taken over by his previous treating physician, Thomas Walden, M.D., but despite the proper standard in rendering of medical care; and as a direct and proximate result of the procedures preformed by the Defendant, Joseph M. Antario, M.D., and the continued progression of scar tissue by April of 2011 the Plaintiff was completely blocked with scar tissue and is unable to void urine under any circumstances.

21. At the time, date and place foresaid, and thereafter during the rendering of a treatment protocol by Defendant, Joseph M. Antario, M.D. the Defendant, Antario committed the following and careless, reckless, and negligent acts in violation of the recognized standards of care:

a. Failing to utilize a superpubic catheter (tube) to remove pressure on the urinary sphincter, in order to allow either the natural opening or surgical opening of said structure without further tissue damage around the surrounding areas;

b. In failing to properly treat the urethral stricture by the use of alternative means of treatment other than repeated damaging probing of the Plaintiff's urinary tract and urethra;

c. In failing to realize and appreciate the dangerous and ineffective nature of the repeated probing when same were known to the Defendant to be an ineffective treatment form;

d. In failing to realize and appreciate that the repeated probing was an ineffective treatment, and in persisting in multiple attempts to relieve the condition of urinary retention when the Defendant knew or should have known that same could only cause further damage to the Plaintiff's urinary structures;

e. In abandoning the Plaintiff as a patient, to whom he had rendered care by failing to return when summoned by the hospital personnel to treat the patient in a proper fashion;

f. In abandoning the patient prior to properly treating and resolving the patient's condition of urinary retention;

g. In failing to properly follow the standards of care and utilize alternative treatment methods; including, but not limited to the placement of a superpubic catheter and/or tube to relieve the condition of urinary retention;

h. In failing to recognize that the urinary retention was caused by an ureterovesical stricture and/or vesical neck contracture, which could not be relieved, cured, or treated by the use of multiple traumatic probing of the Plaintiff's penis, specifically given the number of failed attempts at such procedure; and

i. In failing to take proper precautions and initiate proper treatment as would a reasonable physician under the same or similar circumstances.

22. As a proximate and direct result of the above described negligent actions of the Defendant, Joseph M. Antario, M.D. Plaintiff has sustained serious and grievous bodily injury, and included, but limited to causing scar tissue build up in the area of the Plaintiff's urinary

sphincter, the exacerbation of a previous scare tissue condition, all relating to the Plaintiff now experiencing complete inability to void urine, and at present the insertion of a external urinary bag system; and the probability of further surgical intervention including the need for the placement of an artificial sphincter to allow the Plaintiff to void urine through his existing urinary system, all of which has left the Plaintiff sick, sort, and disabled, all of which has been to his great financial loss.

23. As a direct and proximate result of the above described occurrence, the Plaintiff has suffered the inability to void urine since the date of the incident up through the filing of this Complaint, and into the future, as well as having and continuing to suffer the use of an external urinary retention system, all of which has been to his great financial loss.

24. As a direct and proximate result of the above-described occurrence, the Plaintiff has suffered great mental anguish and physical pain up to the date of the filing of this Complaint, all of which has been to his great financial loss.

25. As a direct and proximate result of the above-described occurrence, the Plaintiff will continue to suffer great mental anguish ad physical pain into the future, all of which will be to her great financial loss.

26. As a direct and proximate result of the above-described occurrence, the Plaintiff has incurred medical expenses to date and will continue to suffer various medical expenses into the future.

27. As a direct and proximate result of the above-described occurrence, the Plaintiff has been unable to pursue and enjoy the usual activities of life of an individual the Plaintiff's age,

had endured a loss of happiness and loss of the pleasures of life up to the date of the filing of this Complaint, all of which has been to his great financial loss.

28. As a direct and proximate result of the above-described occurrence, the Plaintiff will in the future be unable to pursue and enjoy the usual activities of life of an individual the Plaintiff's age and will suffer a loss of enjoyment of life, loss of happiness and loss of the pleasures of life throughout the remainder of his life, all of which will be to his great financial loss.

**WHEREFORE**, Plaintiff, John S. Reese, Sr., demands judgment against the Defendant, Joseph M Antario, M.D. for compensatory damages and based upon the abandonment of the Plaintiff exemplary damages together with interest and costs.

## COUNT II

### CONSORTION

**Elizabeth Reese**

**Vs.**

**Dr. Joseph M. Antario**

29. Plaintiff incorporates by reference all the allegations contained in paragraphs 1-28 inclusively, as though same were set forth more fully at length herein.

30. As a direct and proximate result of the above-described occurrence, the Plaintiff, Elizabeth Rees, has been deprived of the assistance, society and companionship of the John S. Reese, Sr. up to the date of the filing of this Complaint, all of which has been to her great financial loss.

31.     As a direct and proximate result of the above-described occurrence, the Plaintiff, Elizabeth Reese, will, in the future, be deprived of the assistance, society and companionship of John S. Reese, Sr., all of which will be to her great financial loss.

32.     Plaintiff, Elizabeth Reese, believes and therefore avers that based upon the injuries sustained by the Plaintiff, John S. Reese, Sr., and the expenses incurred to date, that the injuries and condition of Plaintiff, John S. Reese, Sr., with reasonable certainty, will be permanent in nature.

**WHEREFORE**, Plaintiff, Elizabeth Reese, demands judgment against the Defendant, Joseph M Antario, M.D. for compensatory damages together with interest and costs.

Jun 4, 2012

BILL MANDRY
I.D. No. 75-3141947
602 Liberty Boulevard
Phillipsburg, NJ 08865
(908) 859-5540
Attorney for Plaintiffs

June 4, 2012

JOHN R. VIVIAN, JR.
831 Lehigh Street
Easton, PA 18042
(610) 258-6625
Attorney for Plaintiffs